UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEMAR D. MATTHEWS,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

_____/

2:14-cv-00472-GMN-PAL

**ORDER**

Introduction

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jemar D. Matthews, a Nevada prisoner. The respondents have filed a motion to dismiss. The court will grant respondents' motion to dismiss in part and deny it in part. The court determines that three of Matthews' claims are unexhausted in state court. The court will direct Matthews to make an election to either abandon the unexhausted claims or move for a stay of this action so that he may exhaust those claims in state court.

Background

    Matthews was convicted on July 17, 2007, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of conspiracy to commit murder, murder with use of a deadly weapon, three counts of attempted murder with use of a deadly weapon, possession of a sawed off rifle, conspiracy to commit robbery, two counts of robbery with use of a deadly weapon, and two

counts of assault with a deadly weapon.  *See* Judgment of Conviction, Exhibit H.[1]  Matthews was sentenced to the following prison terms, all to run concurrently:

| | | | |
|---|---|---|---|
| Count 1 | conspiracy to commit murder | 26 to 120 months |
| Count 2 | murder with use of a deadly weapon | two consecutive sentences of 20 years to life |
| Count 3 | attempted murder with use of a deadly weapon | two consecutive sentences of 48 to 240 months |
| Count 4 | attempted murder with use of a deadly weapon | two consecutive sentences of 48 to 240 months |
| Count 5 | attempted murder with use of a deadly weapon | two consecutive sentences of 48 to 240 months |
| Count 6 | possession of a sawed off rifle | 12 to 48 months |
| Count 7 | conspiracy to commit robbery | 12 to 72 months |
| Count 8 | robbery with use of a deadly weapon | two consecutive sentences of 40 to 180 months |
| Count 9 | robbery with use of a deadly weapon | two consecutive sentences of 40 to 180 months |
| Count 10 | assault with a deadly weapon | 16 to 72 months |
| Count 11 | assault with a deadly weapon | 16 to 72 months |

*See id*.

In its order affirming the judgment of conviction, the Nevada Supreme Court succinctly described the factual background of the case as follows:

> In this case, appellant Jemar Matthews and three other young men walked up to a group of people standing outside a friend's house and opened fire, killing one victim with a shot to the head and injuring another.  In attempting to flee the area, the shooters robbed a vehicle at gunpoint and a police chase ensued, resulting in Matthews' capture.

Order of Affirmance, Exhibit 33, p. 5.

---

[1] The exhibits referred to in this order were filed by respondents, and are located in the record at ECF Nos. 17, 18, 19 and 20.

1    The Nevada Supreme Court affirmed the judgment of conviction on June 30, 2009.
*See* Order of Affirmance, Exhibit J.  That court denied Matthews' petition for rehearing on September 28, 2009.  *See* Order Denying Rehearing, Exhibit L.  The court then denied Matthews' petition for en banc reconsideration on October 12, 2009.  *See* Order Denying En Banc Reconsideration, Exhibit N.

On December 14, 2010, Matthews filed a post-conviction petition for writ of habeas corpus in the state district court.  *See* Petition for Writ of Habeas Corpus, Exhibit O; Amended Supplemental Points and Authorities in Support of Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit P.  The state district court held an evidentiary hearing (*see* Recorder's Transcript of Proceedings, Exhibit Q) then denied the petition, in a written order filed on November 13, 2012.  *See* Findings of Fact, Conclusions of Law and Order, Exhibit R.  Matthews appealed, and the Nevada Supreme Court affirmed the denial of Matthews' state habeas petition on January 16, 2014.  *See* Order of Affirmance, Exhibit T.

This court received Matthews' federal habeas petition, initiating this action *pro se*, on March 28, 2014 (ECF No. 6).  The court granted Matthews's motion for appointment of counsel, and appointed counsel to represent him.  *See* Order entered August 29, 2014 (ECF No. 5); Order entered September 10, 2014 (ECF No. 9).  With counsel, Matthews filed a first amended habeas petition (ECF No. 14) on January 9, 2015.  Matthews' first amended petition asserts the following claims:

    1.    "Mr. Matthews' rights to [a] fair and impartial trial, due process, and equal protection fo the law under the Fifth, Sixth and Fourteenth Amendments to the Constitution were violated in his state court prosecution because there was not sufficient evidence on which to convict him."  First Amended Petition (ECF No. 14), p. 7.

    2.    "Mr. Matthews' rights to a fair trial, due process and equal protection of the law were abrogated in violation of [the] Fifth, Sixth and Fourteenth Amendment guarantees by the pervasive prosecutorial misconduct evidenced during trial and at rebuttal closing."  *Id*. at 21. Respondents reasonably construe Claim 2 to include four subclaims, each asserting a different specific allegation of prosecutorial misconduct:

    (a)    the prosecutor committed misconduct by urging the jurors to stare at Matthews and scrutinize his attire;

      (b)    the prosecutor committed misconduct by questioning Matthews' opposition to a key piece of evidence, a pair of red gloves and gunshot residue testimony;

      (c)    the prosecutor committed misconduct by "painting Mr. Matthews in the light of Mr. Joshlin's actions by referring to 'they' and 'them'" during trial and closing arguments; and

      (d)    the prosecutor committed misconduct by having a witness read from a SCOPE printout containing Matthews' criminal history to establish his height, and commenting that the printout contained arrest information.

3. "Mr. Matthews' constitutional rights under the Sixth, Fifth and Fourteenth Amendment guarantees to a fair trial, due process and equal protection under the law were violated when an unqualified expert was allowed to testify regarding gun residue on a red glove which was unconnected to any crime and which further was unconnected to Mr. Matthews as well as being unacceptable as unproven and was hypothetical not actual evidence." *Id.* at 31 (as in original).

4. "Mr. Matthews' Fifth, Sixth and Fourteenth Amendment rights to due process and equal protection were violated when the trial court allowed the prosecutor and his witness to vouch that they, in fact, had the 'right guy.'" *Id*. at 37.

5. "The district court erred when it stated it had no discretion to allow additional peremptory challenges, and violated Mr. Matthews' Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial." *Id*. at 40.

6. "Mr. Matthews' conviction and sentence are unconstitutional, in violation of his Sixth Amendment right to effective assistance of counsel, and his Fourth and Fourteenth Amendment right to due process, fair trial and equal protection." *Id*. at 42. Specifically, in this claim, Matthews complains that his trial counsel was ineffective for not moving to sever the charges against him from the charges against his co-defendant. *Id*. at 42-48.

On July 13, 2015, respondents filed their motion to dismiss (ECF No. 16). Respondents argue in that motion: that Claims 2c, 3, 4 and 5, are unexhausted in state court, and should be dismissed; and that Claims 1, 3, 4, and 5 fail to state claims that are cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 8-12. Matthews filed an opposition to the motion to dismiss on August 31, 2015 (ECF No. 23). Respondents did not filed a reply.

4

Discussion

Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Claim 2c

In Claim 2c, Matthews claims that his federal constitutional rights were violated because the prosecutor committed misconduct by "painting Mr. Matthews in the light of Mr. Joshlin's actions by referring to 'they' and 'them'" during trial and closing arguments. *See* Third Amended Petition, pp. 21-30. Respondents argue in their motion to dismiss that Claim 2c is unexhausted in state court. *See also* Motion to Dismiss, pp. 4, 8.

In response, in his opposition to the motion to dismiss, Matthews states, somewhat ambiguously, with respect to the exhaustion of Claim 2c: "While not specifically stated, the prosecution's inflammatory lumping of the defendants together in all allegations presented to the jury was a violation of his Fifth and Fourteenth Amendment rights to have a trial free of prosecutorial misconduct." *Id*. at 8. Matthews does not point to anywhere in his briefing in the Nevada Supreme Court where he raised Claim 2c. *See id*. The court has examined Matthews' opening brief before the Nevada Supreme Court and determines that Matthews did not assert Claim 2c. *See* Appellant's Opening Brief, Exhibit I. Claim 2c is unexhausted in state court.

5

<u>Claim 3</u>

Respondents also argue in their motion to dismiss that Claim 3 is unexhausted. *See* Motion to Dismiss, pp. 8-9. Claim 3 is Matthews' claim that his federal constitutional rights were violated "when an unqualified expert was allowed to testify regarding gun residue on a red glove which was unconnected to any crime and which further was unconnected to Mr. Matthews as well as being unacceptable as unproven and was hypothetical not actual evidence." First Amended Petition, p. 31 (as in original).

On his direct appeal, Matthews asserted a claim regarding the expert testimony regarding gun residue on the red glove. *See* Appellant's Opening Brief, Exhibit I, pp. 24-28. However, the question raised by respondents' motion to dismiss, with respect to the exhaustion of Claim 3, is whether Matthews presented that claim to the Nevada Supreme Court as a matter of federal constitutional law.

Matthews argues in his opposition to the motion to dismiss that he did present a federal constitutional claim to the Nevada Supreme Court, as evidenced by his citation, in the claim in his opening brief on appeal, to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Frye v. United States*, 293 F. 1013, 54 App. D.C. 46 (1923). However, neither *Daubert* nor *Frye* was decided on constitutional grounds; both concerned the application of federal evidentiary rules, which, of course, were not applicable at Matthews' state-court trial. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) ("In *Daubert*, this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'" (citations omitted)); *Duvardo v. Giurbino*, 649 F.Supp.2d 980, 996 (N.D.Cal.2009) ("Because this is a federal habeas case, this court does not determine whether the expert's testimony was properly admitted under state law, and does not consider whether the evidence passes muster under the Federal Rules of Evidence or [*Daubert*], which was not decided on constitutional grounds." (citations omitted)); *see also Wilson v. Sirmons*, 536 F.3d 1064, 1101-02 (10th Cir.2008) ("*Daubert* does not set any specific constitutional floor on the admissibility of

scientific evidence."). Matthews' citation to *Daubert* and *Frye*, in his brief before the Nevada Supreme Court, did not indicate to that court that he intended to raise a federal constitutional claim with respect to the expert testimony concerning gun residue on the red glove.

The court has examined Matthews' briefing of his claim regarding the expert testimony, as it was presented to the Nevada Supreme Court (*see* Appellant's Opening Brief, Exhibit I, pp. 24-28), and determines that Matthews did not, there, fairly present the federal constitutional claim that he now asserts as Claim 3 in this case. Claim 3 is unexhausted in state court.

### Claim 4

Claim 4 is Matthews' claim that his federal constitutional rights "were violated when the trial court allowed the prosecutor and his witness to vouch that they, in fact, had the 'right guy.'" *See* First Amended Petition, p. 37. Claim 4 concerns the testimony of a prosecution witness -- Las Vegas Metropolitan Police Officer Brian Walter -- regarding his opinion concerning the accuracy of his identification of Matthews. *See id*. at 37-39. Respondents argue in their motion to dismiss that Claim 4 is unexhausted in state court.

Matthews made the following argument in his opening brief on his direct appeal in the Nevada Supreme Court:

> A witness may not give a direct opinion on the defendant's guilt or innocence. *U.S. v. Kinsey*, 843 F.2d 383 (9th Cir.1988). An implicit or explicit opinion as to the defendant's guilt is an improper lay or expert opinion because the determination of the defendant's guilt or innocence is solely a question for the trier of fact. *State v. Kirkman*, 159 Wash.2d 918, 155 P.3d 125 (2007), *citing State v. Garrison*, 71 Wash.2d 312, 315, 427 P.2d 1012 (1967). Courts have also concluded that "[p]articularly where such an opinion is expressed by a government official, such as a sheriff or a police officer, the opinion may influence the fact finder and thereby deny the defendant of a fair and impartial trial." *State v. Barr*, 123 Wash.App. 373, 98 P.3d 5418 (2004). In the case at bar, Officer Walter testified that he was both 100 per cent certain of his identification, and that he had "the right guy." (A. App. Vol. 3, p. 954. Grounds for reversal.

Appellant's Opening Brief, Exhibit I, pp. 28-29. The court determines that this argument, with the citation to federal authority, as well as Washington state cases dealing with the constitutional implications of a witness testifying with respect to his or her opinion of a defendant's guilt or

innocence, was sufficient to alert the Nevada Supreme Court that a federal constitutional claim was made.  Claim 4 is exhausted in state court.

### Claim 5

Claim 5 is Matthews' claim that "[t]he district court erred when it stated it had no discretion to allow additional peremptory challenges, and violated Mr. Matthews' Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial."  First Amended Petition, p. 40.  Respondents argue in their motion to dismiss that Claim 5 is unexhausted in state court.

On his direct appeal, Matthews asserted a claim regarding the trial court's failure to allow additional peremptory challenges.  *See* Appellant's Opening Brief, pp. 29-30.  However, there, Matthews presented that claim purely as a matter of state-law error; specifically, Matthews argued to the Nevada Supreme Court that the trial court had discretion under NRS 16.040(2) to allow additional peremptory challenges, and erred in not doing so.  *See id*.  Matthews' entire argument, with respect to this claim, in his opening brief on his direct appeal, was as follows:

> NRS 16.040(2) provides in relevant part that : "If there are two or more parties on any side and their interests are diverse, the court may allow additional peremptory challenges, but not more than four, to the side with the multiple parties."  While Pierre Joshlin was essentially caught red handed with a weapon immediately after a foot pursuit, Jemar Matthews who is unconnected to Pierre Joshlin in any way, was in a very different position and had different interest in the jurors.  It should be noted that the co-Defendants used all 8 of their peremptory challenges on the jury.  The Court was in error that it had no authority to even consider additional peremptory challenges.  (A. App. Vol. 2, p. 270). [Footnote: The Honorable Judge Barker was actually brand new to the bench at the time, having abruptly replaced Judge Halverson in contravention of EDCR 7.10(b).  Defense attempted to make record, but no info was available.  (A. App. Vol. 2, pp. 260-263).]

*Id*.  There was no indication in Matthews' briefing before the Nevada Supreme Court that he intended to raise a federal constitutional issue with respect to the number of peremptory challenges he received.  *See id*.  Claim 5 is unexhausted in state court.

### Cognizability of Claims

Respondents go on to argue that Claims 1, 3, 4 and 5 fail to state claims that are cognizable in this federal habeas corpus action.  *See* Motion to Dismiss, pp. 9-12.  The court finds that

respondents' arguments in this regard will be better addressed when the court considers the merits of all petitioner's remaining claims, after respondents file an answer and Matthews files a reply.

Moreover, with respect to Claims 3 and 5, as is discussed above, the court finds those claims (along with Claim 2c) to be unexhausted in state court, and Matthews will be required to elect to either abandon those claims or move for a stay to allow their exhaustion in state court. Regardless of what Matthews elects to do with respect to Claims 3 and 5, respondents' arguments that those claims are not cognizable in federal court might become moot before the court reaches their merits.

Therefore, the court declines, at this time, to reach respondents' arguments that Claims 1, 3, 4 and 5 fail to state cognizable claims, and the court denies respondents' motion to dismiss to that extent, without prejudice to respondents making the same or similar arguments at an appropriate time in their answer.

Petitioner's Election Regarding Claims 2c, 3 and 5

As is discussed above, the court determines that Claims 2c, 3 and 5 are unexhausted in state court. With respect to Claims 2c, 3 and 5, therefore, Matthews will be directed to make an election, to either file a notice of abandonment of those claims, indicating that he elects to abandon those claims and proceed in this case with the litigation of his remaining claims, or, alternatively, file a motion for stay, requesting a stay of this action to allow him to return to state court to exhaust Claims 2c, 3 and 5. If Matthews elects to file a motion for stay, he must make a showing that a stay is warranted, as prescribed in *Rhines v. Weber*, 544 U.S. 269 (2005). If Matthews does not, within the time allowed, file a notice of abandonment of Claims 2c, 3 and 5, or a motion for a stay to allow exhaustion of those claims in state court, Matthews' entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

///
///
///
///

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**. The court finds Claims 2c, 3 and 5 of petitioner's first amended petition for writ of habeas corpus (ECF No. 14) to be unexhausted in state court. With respect to Claims 2c, 3 and 5, the court will direct petitioner to make an election, as described below; in all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days**, from date of entry of this order, to file a notice of abandonment of Claims 2c, 3 and 5, or a motion for a stay of this action to allow him to exhaust those claims in state court, as described above.

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of Claims 2c, 3 and 5, respondents shall then have 90 days to file an answer, responding to petitioner's remaining claims. After respondents file an answer, petitioner shall have 60 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of Claims 2c, 3 and 5 in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall thereafter have 20 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of Claims 2c, 3 and 5, or a motion for a stay to allow exhaustion of those claims in state court, petitioner's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Dated this   13   day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE